FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AUG 13 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

LAUREN GREENE,                    )
                                  )
                Plaintiff,        )
                                  )
v.                                )     Civil Action No. 19-1926 (UNA)
                                  )
STATE OF GEORGIA, *et al.*,       )
                                  )
                Defendants.       )

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and her *pro se* civil complaint. The complaint describes the termination of the plaintiff's parental rights by the Juvenile Court of Gwinnett County, Georgia, the circumstances leading to the custody proceedings, the plaintiff's dissatisfaction with her son's adoption by her parents, and the alleged harms she and her son has sustained as a result. Among other relief, the plaintiff demands custody of her son, expungement of her criminal conviction in Georgia, and restructuring of that state's family court system.

A *pro se* litigant's pleadings are held to less stringent standards than would be applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The

purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

This plaintiff's complaint fails to meet the minimal pleading standard set forth in Rule 8(a). The pleading is in no way short or plain, and it utterly fails to demonstrate the Court's jurisdiction over the claims the plaintiff raises. Because the defendants neither reside nor conduct business in the District of Columbia, and because the events giving rise to the plaintiff's purported claims occurred outside of this district, it is unlikely that the District of Columbia is the proper venue for resolution of this case. And even if this forum is appropriate, this court has no jurisdiction to review and overturn a state court's rulings. *See, e.g., United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (noting that district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C.1986)). Furthermore, the plaintiff's claims against Judges Rodatus and Waller arise from actions taken – or not taken – while presiding over the Juvenile Court matter. Thus, they enjoy absolute immunity from suit for acts committed in their judicial capacities. *See Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L. Ed. 646 (1872)."); *see also Forrester v. White*, 484 U.S. 219, 226-27 (1988).

Accordingly, the Court will grant the plaintiff's application to proceed *in forma pauperis* and her motion to amend, deny the plaintiff's remaining motions without prejudice, and dismiss her complaint without prejudice.

An Order is issued separately.

DATE: August 12, 2019

_____
United States District Judge